Maxine K. Duberstein, J.
Petitioner, Department of Social Services of the 'City of New York, has made application to this court for an order to consider the filing of a petition, made pursuant to section 358-a of the Social Services Law, as having been made within the 30-day time limit prescribed by the statute, notwithstanding the fact that it was filed without this period.
On November 6, 1973, Lydia H., a 8-year-old child, was removed from her home by petitioner and placed in a foster care home. Subsequently, on December 7,1973, petitioner filed with this court for approval of the voluntary placement of this:' child. And on'February 21, 1974, this application was made to consider the petition as having been filed as of December 5, 1973, so as to bring it within the court’s jurisdiction under subdivision (1) of section '358-a of the Social Services Law.
It is .contended by the petitioner that the 30-day period in question is not a jurisdictional limitation, .but merely an administrative measure. Further, petitioner feels since no substantial right of any .party will be affected by this late filing, the court should excuse its delay.
*808 One of the primary purposes of1 section 358-a is to assure judicial supervision over the voluntary placement of children in foster care as public charges. Both State and Federal funding to local agencies is conditioned on this judicial approval. A determination by the court that the placement of each child is in the best interests of that child, and the continuation in the home would be contrary to the child’s welfare is required.
It appears, therefore, that in carrying out the intent of the law, the court is given the responsibility to make certain that no injudicious placements have occurred, and that the removal of children ffrom their homes is done with the utmost of scrutiny.
In this regard, it is incumbent upon petitioner to expedite all matters concerning these petitions so that the propriety of each placement may be determined within a reasonable period of time. If the petitions were allowed to be filed at the discretion of petitioner, eases might result where a child .is improperly away from its parents or legal guardians for long periods of time. Moreover, the law specifically provides “ The social services official shall initiate the proceeding by filing the petition as soon as practicable, but in no event later than thirty days following removal úf the child from the home. The social services official shall diligently pursue such proceeding. ’ ’ (Social Services Law, § 358-a, ,subd. [1]; italics added.) It is apparent the Legislature feels that each placement should receive judicial perusal within this ’30-day time period. Even when the petition is filed within such period, a final determination by the court may not be made until a later date when a hearing is scheduled, if necessary, or in .some cases for several adjourned dates so that all necessary parties and evidence may be gathered. Consequently, although there is a proper filing, a child might be the subject of an improper placement for a period well in excess of 30 days. If we were to allow petitioner to file at its discretion, a child may be improperly placed for several months. This court cannot condone such an intolerable situation. It is the responsibility of the petitioner to file within the time period prescribed by the statute. A Social Services official cannot be allowed to usurp /the discretionary function of the court in this respect.
However, since the best interests of the children involved are of prime concern to this court, the Judge must use his or her discretion on a case by case basis in considering whether a late filed petition should come within the jurisidiction of the court on a nunc pro tunc order. Assuming the placement is a proper one, denial of the petition because of late filing would prevent the court from approving the case on the merits. This denial would *809 only result in the Department of Social Services’ receiving less funding which would, in the end, adversely affect the children who are placed. On the other hand, assuming an improper placement, a child may suffer severe emotional stress for a conceivably long period of time by wrongfully being away from home. The effects of such a placement could be irreversible. We could not risk such results.
As a general rule, the court feels the latent dangers which might accompany an overextended improper placement far outweigh considerations of funding and other matters relative to a late but proper placement. -
Further, there is a transfer of custody and care to the Department of1 Social Services only upon approval of the petition. Delays in bringing the placement within the eyes of the court beyond the statutory time limit would in effect render custody and care of the child to the Department of Social Services without legal transfer thereof.
In the case at bar, the petition was filed one day without 30-day time limitation. The allegations appear to be sufficient to serve as a proper basis for placement. So that we may give this placement the scrutiny it necessarily deserves, we will grant the petitioner’s application. This is not to say such applications should be granted as a matter of .course.
If the placement proves to be an improper one, the child should be returned to his home forthwith. Similarly, because of the dangers of an extended improper placement, as described above, a child should be required to be returned to his home if the petition for approval is not filed within the 30-day time period.
In this regard, the Social Services official would not be precluded, in an appropriate situation, from immediately filing a neglect or abuse petition, or from pursuing any other necessary procedures authorized by law.
Application granted.